Common Pleas Court of Cuyahoga County.

HOYT V. GEO. W. STONE CO. ET AL.

Decided August 22, 1929.

GOWDY, J.

The question involved in this case is the right of the plaintiff, John Hoyt, to recover from the National Surety Company on the bond given by the Surety Company under the Blue Sky Law to protect the customers of the George W. Stone Company, dealers in securities.

The two questions of law raised in the case are, (1) Whether the suit can be maintained and judgment rendered against the National Surety Company without service having been obtained on the George W. Stone Company, and (2) the question of the constitutionality of the law requiring bonds to be given by concerns licensed to deal in stocks and bonds under the Blue Sky Law.

The question of fact involved in the case is whether or not the agent of the Company, C. W. Buhoup, did, in fact, negotiate the sale of the securities in question in this case to the plaintiff John Hoyt.

There is a direct conflict in the evidence between the plaintiff Hoyt and the agent of the George W. Stone Company, C. W. Buhoup. However, the court is fully con-

vinced from the evidence that the plaintiff is correct, and that the securities were negotiated by C. W. Buhoup as the agent of the George W. Stone Company, as the plaintiff claims. And the finding as to that fact will be made accordingly.

Under the Ohio statutes the suit can be maintained in this state without service on the George W. Stone Company.

While the George W. Stone Company is a proper party in the action it is not a necessary party to a judgment in a suit of this kind against the Surety Company. This is one of those cases, provided for by statute, that if, in the discretion of the court, the interests of all parties can be preserved judgment may be entered against any one of the parties that is properly in court.

There is also raised the question of the constitutionality of this part of the Blue Sky Law, providing for a bond to be given by persons licensed by the department to sell bonds and securities.

Without passing on the question as to whether the law in question is constitutional or unconstitutional, it is the opinion of the court that the Surety Company in this case is estopped from maintaining that defense.

If the law is unconstitutional the Surety Company was chargeable with that knowledge, and if they accepted the premium for bonding the George W. Stone Company, under that law they could not retain the premium and still at the same time deny their liability under the bond that they executed in consideration for the premium so paid them.

The Illinois case cited by the Surety Company holds to the contrary on this proposition. The reasoning there, however, would not apply in Ohio. In Ohio there is no distinction in that particular between an action at law and one in equity. And in Ohio an equitable defense is equally as good to an action in law as one in equity.

For these reasons the finding of the court will be in favor of the plaintiff and against the Surety Company on both the points as set up. And a decree may be drawn accordingly.